

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00254-CV

**CITY OF SAN ANTONIO** and San Antonio River Authority,
Appellants

v.

Osvaldo **PERALTA**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-16836
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

Appellants City of San Antonio and San Antonio River Authority were sued by Appellee

Osvaldo Peralta for damages from injuries he suffered from a bicycle accident on the San Antonio

River Walk.  Peralta alleged Appellants' immunity is waived under the premises defect and special

defect liability provisions in the Texas Tort Claims Act.  In their separate pleas to the jurisdiction,

Appellants argued the recreational use statute applies, and their duty to Peralta is only what they

owe a trespasser.  The trial court denied Appellants' pleas, and Appellants filed this interlocutory

appeal.

Although the recreational use statute applies to Peralta's claims, Appellants failed to meet their respective burdens to show there is no genuine issue of material jurisdictional fact and they are entitled to judgment as a matter of law. Therefore, we affirm the trial court's order.

## BACKGROUND

In his affidavit, Peralta averred that on October 10, 2011, he was riding his bicycle to work at about 6:00 a.m. when his bicycle "crashed into a sanitary and storm sewer drainage section of the path. I was thrown over my bike and sustained severe injuries and damages." He added that "[t]he metal plate which covered the sanitary and storm sewer had been removed." Peralta sued the City and SARA; he alleged Appellants' negligence and gross negligence was a proximate cause of his injuries.

In their amended pleas to the jurisdiction, Appellants argued (1) the recreational use statute applies, (2) their duty to Peralta was only that owed a trespasser, and (3) Peralta failed to plead facts or provide evidence showing their gross negligence. The trial court denied their pleas, and the City and SARA appeal. Appellants assert there is no evidence they knew the cover plate was missing before Peralta's accident, and Peralta's own deposition negates jurisdiction; thus there is no waiver of their governmental immunity.

## STANDARD OF REVIEW

Governmental immunity is a common-law doctrine that extends immunity from suit and liability to governmental entities performing governmental functions. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). A governmental unit may raise its immunity from suit in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

The standard of review for a plea to the jurisdiction "generally mirrors that of a [traditional] summary judgment." *Id.* at 228 (referencing TEX. R. CIV. P. 166a(c)). First, the plaintiff bears the burden to "allege[] facts that affirmatively demonstrate a trial court's subject matter jurisdiction." *Id.* at 226; *accord Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Heckman*, 369 S.W.3d at 150 (citing *Miranda*, 133 S.W.3d at 226); *accord Thornton v. Ne. Harris County MUD 1*, 447 S.W.3d 23, 32 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). If the plaintiff meets his burden, the burden shifts to the governmental unit. *See Miranda*, 133 S.W.3d at 228.

The governmental unit must meet the traditional summary judgment standard of proof. *Id.*; *HS Tejas, Ltd. v. City of Hous.*, 462 S.W.3d 552, 556 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Dall. Cty. v. Wadley*, 168 S.W.3d 373, 379 (Tex. App.—Dallas 2005, pet. denied). It must "assert[] and support[] with evidence [the proposition] that the trial court lacks subject matter jurisdiction." *Miranda*, 133 S.W.3d at 228; *accord HS Tejas*, 462 S.W.3d at 556. "[T]he burden is on the movant to present evidence establishing that the trial court lacks jurisdiction as a matter of law." *HS Tejas*, 462 S.W.3d at 556; *see Wadley*, 168 S.W.3d at 379.

If the parties submit evidence, the court must "take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228 (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)).

We review a trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (citing *Miranda*, 133 S.W.3d at 226).

**APPLICABLE LAW**

Peralta contends Appellants' immunity was waived by the premises defect and special defect provisions in the Texas Tort Claims Act. Appellants argue the recreational use statute controls and there is no waiver of their governmental immunity. We briefly review each statute.

**A.     Texas Tort Claims Act**

Governmental immunity, which includes immunity from suit, generally protects a governmental unit from a suit for money damages, but the legislature has waived that immunity under certain circumstances. *See Reata Const. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006); *City of San Antonio v. Alamo Aircraft Supply, Inc.*, 448 S.W.3d 507, 511 (Tex. App.—San Antonio 2014, no pet.). Under the TTCA, a governmental unit may be liable for "personal injury . . . so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011); *accord Suarez v. City of Tex. City*, No. 13-0947, 2015 WL 3802865, at *5 (Tex. June 19, 2015). Generally, if an injured person sues a governmental unit for injuries allegedly caused by a premises defect, the governmental unit owes to the injured person "'only the duty [of care] that a private person owes to a licensee on private property.'" *See Suarez*, 2015 WL 3802865, at *5; *accord State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). If a special defect exists, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022, the governmental unit owes the person the duty of care of an invitee, *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

**B.     Recreational Use Statute**

But the legislature has limited a property owner's duty if the owner opens its property to recreation:

  (c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

   (1) assure that the premises are safe for that purpose;

   (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

   (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

  (d) Subsection[] . . . (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.

TEX. CIV. PRAC. & REM. CODE ANN. § 75.002; *see Suarez*, 2015 WL 3802865, at *5; *City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009); *Shumake*, 199 S.W.3d at 283. The recreational use statute does not define gross negligence, but we use "its commonly-accepted legal meaning." *Kirwan*, 298 S.W.3d at 623; *see Shumake*, 199 S.W.3d at 287.

## C.   Gross Negligence

"[The Texas Supreme Court] and the Texas Legislature have defined gross negligence as an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *Shumake*, 199 S.W.3d at 287; *accord Kirwan*, 298 S.W.3d at 623. "[W]hat separates ordinary negligence and gross negligence is the defendant's state of mind—the plaintiff must show that the defendant knew about the risk, but the defendant's acts or omissions show that he did not care." *Kirwan*, 298 S.W.3d at 627 (citing *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999)); *accord Shumake*, 199 S.W.3d at 288.

PARTIES' ARGUMENTS

In his first amended petition, Peralta claimed Appellants were liable for his injuries based on the TTCA's waiver of immunity for a special defect and a premises defect because Appellants were negligent and grossly negligent. In his response to Appellants' amended pleas to the

jurisdiction, Peralta argued he was riding his bicycle to work, not for recreation, and therefore the recreational use statute does not apply. In the alternative, he argued that his injuries were proximately caused by Appellants' gross negligence, but he did not allege Appellants acted with malicious intent or in bad faith.

In their pleas to the jurisdiction, the City and SARA argued that because Peralta was riding a bicycle, the recreational use statute applies, and thus Appellants owed Peralta only the duty they owe a trespasser—not to injure him by their gross negligence. They argued there is no evidence of their gross negligence, their immunity has not been waived, and the trial court was required to grant their pleas.

## ANALYSIS

The parties do not dispute that the portion of the San Antonio River Walk in question is open to recreation and Peralta had the owner's permission to enter the premises. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002; *Suarez*, 2015 WL 3802865, at *5. Appellants do not challenge Peralta's claim that he was injured as a result of his bicycle falling into a drainage area along the river walk[1] that was uncovered. But Appellants insist the undisputed facts do not waive their respective immunities from suit under the recreational use statute's duty of care. We first determine whether the recreational use statute applies.

### A.    Bicycling is Recreation

In its definition of recreation, the recreational use statute lists activities that constitute recreation; one of the listed activities is "bicycling." TEX. CIV. PRAC. & REM. CODE ANN. § 75.001; *City of San Antonio v. Vasquez*, 340 S.W.3d 844, 846 (Tex. App.—San Antonio 2011, no pet.)

---

[1] In its brief, the City asserts it does not concede ownership or control of the premises in question; SARA does not appear to challenge ownership or control of the premises in question.

Peralta argues his bicycling was not recreation because he was commuting to work. We disagree. Peralta's subjective intent with respect to the activity does not control; "[i]t is what [he] was doing when [he] was injured that controls." *See City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002); *accord Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 51–52 (Tex. 2015) (reviewing *Torres* and reiterating that Torres's "purpose for entry did not control the [recreational use statute]'s application"). It is undisputed that Peralta was bicycling when he was injured. *Cf. Vasquez*, 340 S.W.3d at 846 (applying the recreational use statute to bicycling). We necessarily conclude that when he was injured, Peralta was engaged in recreation and the recreational use statute applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001, .002; *Vasquez*, 340 S.W.3d at 846.

Because the recreational use statute applies, Appellants' duty to Peralta was to not injure him by gross negligence or "act[] with malicious intent or in bad faith." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c), (d); *Kirwan*, 298 S.W.3d at 627; *Shumake*, 199 S.W.3d at 281. This reduced standard of care applies to Peralta's premises defect and special defect claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.003(g) (West Supp. 2015) ("To the extent that [Chapter 75] limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under Chapter 101, this chapter controls."); *accord id.* § 101.058 (same); *Shumake*, 199 S.W.3d at 283.

Because Peralta did not plead that Appellants acted with malicious intent or in bad faith, we consider whether he "has alleged facts that affirmatively demonstrate the [trial] court's jurisdiction" based on Appellants' alleged gross negligence. *See Miranda*, 133 S.W.3d at 226.

**B.    Allegations of Jurisdictional Facts**

Peralta's burden was to plead jurisdictional facts to show Appellants' immunities are waived. We examine Peralta's live pleadings to determine whether he alleged sufficient facts for

his claims to survive a plea to the jurisdiction. *See id.* at 230 (determining the Mirandas' allegations of gross negligence were sufficient to give the State "fair notice of the claim involved" as required by Texas Rules of Civil Procedure 45 and 47).

In Peralta's first amended petition, he alleged facts to show he was injured by a premises or special defect and Appellants were grossly negligent. *See Miranda*, 133 S.W.3d at 226. We examine his live pleadings, construe them liberally, and take his alleged facts as true. *See Heckman*, 369 S.W.3d at 150; *Thornton*, 447 S.W.3d at 32.

### 1. Allegations of Premises Defect

Peralta alleged he was injured when his bicycle fell into an uncovered drain along the San Antonio River Walk—real property that Peralta alleges is owned or controlled by Appellants. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2) (real property condition liability), .022 (premises defect duty); *Suarez*, 2015 WL 3802865, at *5 (premises defect duty). He alleged his injuries were caused by a condition—the uncovered drain—of the real property, and under Texas law, Appellants were liable for his injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *Suarez*, 2015 WL 3802865, at *5. He averred that he did not know the drain cover plate was missing before his accident. He also alleged Appellants knew the drain was uncovered before his accident but they did not warn him or make the property safe. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2) (real property condition liability), .022 (premises defect duty); *Suarez*, 2015 WL 3802865, at *5 (premises defect duty). We conclude Peralta met his burden to allege facts for a premises defect claim. *Cf. Miranda*, 133 S.W.3d at 230 (pleading burden met).

### 2. Allegations of Special Defect

Peralta also expressly alleged the uncovered drain was a special defect. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022 (special defect); *Payne*, 838 S.W.2d at 238. He compared the uncovered drain on the river walk to an excavation on a road or street and alleged Appellants

breached their duty to warn him of the danger. We conclude Peralta met his burden to allege facts for a special defect claim. *Cf. Payne*, 838 S.W.2d at 238.

### 3. Allegations of Gross Negligence

In his first amended petition, Peralta expressly alleged Appellants were grossly negligent. *Compare Miranda*, 133 S.W.3d at 230 (concluding plaintiff met gross negligence pleading requirement), *with City of Plano v. Homoky*, 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.) (concluding plaintiff's pleadings—that did not allege gross negligence, argued gross negligence was not applicable, and asserted facts to support only *ordinary* negligence—failed to meet the pleading requirements for *gross* negligence). Peralta claims Appellants were grossly negligent because (1) an employee of either the City or SARA told Peralta shortly after the accident that the employee knew the cover plate was missing, (2) Appellants knew the cover plate was missing before his accident, (3) Appellants knew that a missing cover plate would create an extreme degree of risk, and (4) Appellants were consciously indifferent to Peralta's safety by failing to replace the cover plate or warn him of the danger. *Cf. Miranda*, 133 S.W.3d at 230 (concluding pleadings alleged sufficient facts of gross negligence to survive a plea to the jurisdiction).

Peralta also offered SARA's "Operation Daily Log" for October 10–16, 2011, which showed "3½ inches of rain over the weekend," and under a heading for October 10—the date of Peralta's accident—the log entry noted "metal plate covering drainage from outfall under trail in Eagleland missing." In his affidavit, Peralta averred that an employee of either the City or SARA knew the cover plate was missing, and he alleged that Appellants knew it was missing before he was injured. We conclude Peralta met his burden to give fair notice of his claims by alleging facts that Appellants were grossly negligent. *Cf. id.*; TEX. R. CIV. P. 45, 47 (pleadings).

*4. Alleged Facts Sufficient*

SARA admits Peralta met his pleading burden; the City argues he did not. Peralta's pleading burden was to give Appellants fair notice of his claims by alleging facts affirmatively demonstrating the trial court has subject matter jurisdiction for the claims he made: premises defect, special defect, and gross negligence. *See Miranda*, 133 S.W.3d at 230 ("Rule 45 does not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." (citing TEX. R. CIV. P. 45, 47)); *Kilburn v. Fort Bend Cty. Drainage Dist.*, 411 S.W.3d 33, 40 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (same); *City of Celina v. Blair*, 171 S.W.3d 608, 610–11 (Tex. App.—Dallas 2005, no pet.) (same). Because Peralta alleged facts for each claim, we conclude he met his burden to show Appellants' immunity was waived under the TTCA and the recreational use statute, and the trial court had subject matter jurisdiction. *See Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 226.

## C.    **Appellants' Burdens**

After Peralta met his pleading burden, the burden shifted to Appellants to meet the traditional summary judgment standard of proof. *See Miranda*, 133 S.W.3d at 228; *HS Tejas*, 462 S.W.3d at 556. To negate jurisdiction, Appellants provided excerpts of Peralta's deposition. When Appellants deposed Peralta and asked him about his affidavit, he admitted he did not know when the City or SARA discovered the cover plate was missing. Appellants argue Peralta's admission conclusively negates an essential element of gross negligence, and thus the trial court lacked subject matter jurisdiction. We disagree.

*1. Appellants' Evidence Negating Gross Negligence*

Appellants' burden was to conclusively negate the existence of subject matter jurisdiction. *See Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 228. To meet their burden, Appellants offered no evidence that they did not know the cover plate was missing before Peralta's accident;

instead, they merely offered Peralta's deposition testimony to show *he* did not know *when they* discovered the cover plate was missing. *Contra Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 228. But Peralta's admission does not prove as a matter of law that Appellants did not know the cover plate was missing before Peralta's accident.

### 2. *Peralta's Evidence Supporting Gross Negligence*

On the other hand, Peralta may show Appellants knew the cover plate was missing before his accident by alleged facts including circumstantial evidence. *See Andrade*, 19 S.W.3d at 247; *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). In his affidavit, Peralta averred that shortly after his accident on Monday morning, October 10, 2011, he overheard a City or SARA employee state he was "coming to close off that section of the path." Further, Peralta provided the Mission Reach Operation Daily Log for the week of October 10–16, 2011. The first entry below the log's heading states "3½ inches of rain over the weekend." On the first entry under October 10, 2011, the log shows "[s]ite review to assess damage from the storm; lots of debris and metal plate covering drainage from outfall under trail in Eagleland missing." The log also shows entries for individual and "crew" tasks for the week, including October 15, 2011, a Saturday.

### 3. *Appellants Failed to Meet Burdens*

Taking Peralta's evidence as true, and making all reasonable inferences in his favor, we may infer, inter alia, that (1) Appellants' personnel worked on Saturday, October 8, 2011, (2) Appellants knew before Monday morning about the storm and its heavy rain, and (3) knowing of the extreme risk a pedestrian or bicyclist would encounter by its removal, Appellants intentionally removed or consciously failed to timely replace the cover plate before Peralta's accident. *See Andrade*, 19 S.W.3d at 247 (evaluating circumstantial evidence allegedly supporting the subjective component of gross negligence); *Ellender*, 968 S.W.2d at 921 (same). Based on the pleadings and evidence before us, we cannot conclude Appellants met their respective burdens to prove as a

matter of law that they did not know the cover plate was missing before Peralta's accident or that they did not consciously disregard an extreme degree of risk to Peralta's safety by failing to timely replace the cover plate. *Cf. Andrade*, 19 S.W.3d at 247; *Ellender*, 968 S.W.2d at 921.

We overrule Appellants' issues.

## CONCLUSION

When Peralta was injured as he rode his bicycle to work on the San Antonio River Walk, he was bicycling—an activity defined by the recreational use statute as recreation—and the recreational use statute applies to his premise defect and special defect claims. Therefore, the City of San Antonio and the San Antonio River Authority owed Peralta only a duty not to injure him by acting with malicious intent or in bad faith, or by their gross negligence.

Peralta claimed gross negligence, and he alleged facts showing Appellants' immunity was waived under the TTCA and the recreational use statute. Thus, the burden shifted to Appellants. Because Appellants failed to meet their respective summary judgment standards of proof, the trial court properly denied their pleas.

We affirm the trial court's order.

Patricia O. Alvarez, Justice