# IN THE SUPREME COURT OF TEXAS

No. 18-0740

THE UNIVERSITY OF TEXAS AT AUSTIN, PETITIONER,

v.

APRIL GARNER, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

**PER CURIAM**

The Recreational Use Statute limits the Tort Claims Act's waiver of governmental immunity by lowering the duty of care owed to a person who enters and engages in "recreation" on a governmental unit's property. Specifically, the governmental unit owes that person only the degree of care owed to a trespasser—that is, the duty not to injure intentionally or through gross negligence—and thus retains immunity from ordinary negligence claims even when the Tort Claims Act would otherwise waive such immunity. In this case, the plaintiff sued a state university for negligence after she was injured by a university employee while bicycling on university-owned property. The trial court denied the university's plea to the jurisdiction, and the court of appeals affirmed, holding that the Tort Claims Act waived the university's immunity and that the Recreational Use Statute did not apply. We hold that the Recreational Use Statute applies and that

the Tort Claims Act therefore does not waive the university's immunity with respect to the plaintiff's ordinary negligence claim. Accordingly, we reverse the court of appeals' judgment.

The University of Texas at Austin owns and operates the Colorado Apartments, a student-housing complex located on the north side of Lady Bird Lake in Austin. Within the complex are four roads that permit two-way traffic around the complex and contain parking spaces that are oriented perpendicularly to the road. One of those roads is Alvin, which connects to Lake Austin Boulevard (on Alvin's northwestern end) and Hearn Street (on Alvin's southeastern end), both of which are city property. Hearn Street dead-ends at an entrance to Eilers (Deep Eddy) Park. Although no-trespassing signs at both ends of Alvin state that the apartments are University property, bicyclists commonly use the road as a shortcut to access Lady Bird Lake and the trails that surround it.

On April 14, 2015, April Garner was traveling by bicycle to the trail head at Eilers Park, where she planned to meet a friend and "[r]ide the trail." She entered Alvin from Lake Austin Boulevard and rode southeast toward Hearn Street. At the same time, University employee Angel Moreno was backing out from a southwest-facing parking space on Alvin in a University-owned vehicle. Moreno, who claims his view to the northwest was partially blocked by a car parked to his right, failed to see Garner approaching from behind and to the right and struck her with the vehicle.[1] Garner sustained a fractured wrist and facial cuts and bruises, among other injuries.

Garner sued the University for negligence, contending that the Tort Claims Act waived the University's immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1) (waiving immunity from suit for injuries caused by the negligence of an employee acting within the scope of his

---

[1] Moreno said he saw "a flash of pink" in his mirror just before striking Garner and her bicycle.

2

employment, if the injury arises from the operation or use of a motor-driven vehicle and the employee would be personally liable to the claimant under Texas law). The University filed a plea to the jurisdiction, arguing that Garner was trespassing on its property at the time of the incident and that the University therefore owed only a duty not to injure her intentionally or through gross negligence. The University further argued that, to the extent Garner was authorized to be on its property, the Recreational Use Statute nevertheless classified her as a trespasser. *See id.* § 75.002. Because Garner failed to allege or produce evidence of conduct beyond ordinary negligence, the University argued that the Tort Claims Act did not waive its immunity.

The trial court denied the University's plea, and the University appealed. *See id.* § 51.014(a)(8) (authorizing an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit). The court of appeals affirmed, holding that Garner was not a trespasser under either the common law or the Recreational Use Statute and that the Tort Claims Act therefore waived the University's immunity. ___ S.W.3d ___, ___ (Tex. App.—Austin 2018).

Generally, the Recreational Use Statute limits the liability of all landowners—public and private—who permit others to use their property for activities the statute defines as "recreation." *Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 49 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE §§ 75.001–.002. Such landowners are "effectively immunize[d]" from ordinary negligence claims, owing those who use their property for recreation only the duty not to injure them intentionally or through gross negligence. *See Williams*, 459 S.W.3d at 49; TEX. CIV. PRAC. & REM. CODE §§ 75.002, .007(b). As applied to government landowners with immunity from suit and liability, the statute's effect is to limit the scope of the Tort Claims Act's waiver of that

immunity "by classifying recreational users as trespassers and requiring proof of gross negligence, malicious intent, or bad faith." *Suarez v. City of Texas City*, 465 S.W.3d 623, 627 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE § 75.003(g) ("To the extent that this chapter limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under Chapter 101, this chapter controls.").

In this case, Garner's only claim against the University sounds in ordinary negligence. As noted, she relies on the Tort Claims Act's waiver of immunity with respect to claims for personal injury proximately caused by the negligence of an employee acting within the scope of his employment if the injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(1). She does not allege that the University or Moreno acted with gross negligence, malicious intent, or bad faith. Thus, if the Recreational Use Statute applies, then the University is immune from suit, and the courts lack jurisdiction over Garner's claim. *See Suarez*, 465 S.W.3d at 637 (dismissing the plaintiff's claims against a governmental unit for lack of jurisdiction where the Recreational Use Statute applied and the plaintiff provided no evidence of gross negligence as required to waive the unit's immunity).

The Recreational Use Statute provides in pertinent part:

> (c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> > (1) assure that the premises are safe for that purpose;
> >
> > (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

4

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

(d) Subsections (a), (b), and (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.

. . . .

(f) Notwithstanding Subsections (b) and (c), if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises.

TEX. CIV. PRAC. & REM. CODE § 75.002(c)–(d), (f). "Recreation" is statutorily defined to include, among many other activities, bicycling. *Id.* § 75.001(3)(M).

The court of appeals held that the Recreational Use Statute does not apply here because, although the University impliedly consented to the public's use of Alvin, it did not "invite[] the usage of Alvin by the public for recreational purposes." ___ S.W.3d at ___. Thus, the court concluded that the University failed to meet the "threshold requirement of section 75.002(c)" that the landowner "open up its premises to the public for recreational purposes." *Id.* at ___ (citing *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 659 (Tex. 2007)). The University argues that the court of appeals erred in construing subsection (c) to require *explicit* permission by the landowner when the statute requires only "permission." TEX. CIV. PRAC. & REM. CODE § 75.002(c). We need not decide whether the court of appeals properly applied subsection (c) because, as the University also argues, subsection (f) is dispositive.[2]

___

[2] The University has consistently argued that the Recreational Use Statute applies here to limit the Tort Claims Act's immunity waiver, but it did not specifically cite subsection (f) in the trial court or in its opening brief in the court of appeals. Although the University did cite subsection (f) in its reply brief, the court of appeals did not address that provision. Garner does not argue that the University failed to preserve error, and in any event, issues

Subsection (f) is brief and straightforward: "*Notwithstanding Subsections (b) and (c)*, if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises." *Id.* § 75.002(f) (emphasis added). The use of the word "notwithstanding" indicates that the Legislature intended subsection (f) to control when its conditions are met. *See In re Lee*, 411 S.W.3d 445, 454 (Tex. 2013). And unlike subsection (c), which applies to private and public landowners alike and contains conditional language involving the owner's giving "permission to another to enter the premises for recreation," subsection (f) contains no such language. Instead, subsection (f) requires only that a person (1) enter premises[3] owned, operated, or maintained by a governmental unit and (2) engage in recreation on those premises. TEX. CIV. PRAC. & REM. CODE § 75.002(f). If those two conditions are met, the governmental unit owes the person only the duty owed to a trespasser. *Id.*

Here, it is undisputed that Garner (1) entered premises owned by a governmental unit and (2) engaged in an activity on those premises—bicycling—that qualifies as "recreation" under the statute.[4] *See id.* § 75.001(3)(M). We agree with the University that, under subsection (f)'s plain

---

regarding sovereign immunity may be raised for the first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012).

[3] "Premises" is defined to include "land, roads, water, watercourse, private ways, and buildings, structures, machinery, and equipment attached to or located on the land, road, water, watercourse, or private way." TEX. CIV. PRAC. & REM. CODE § 75.001(2).

[4] To the extent Garner argues that she was bicycling on Alvin for transportation rather than recreational purposes, her subjective intent does not control. *See City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002) (explaining that whether the plaintiff was engaged in recreation hinged on her activity when she was injured—sitting on a swing—not her reason for being at the venue—to play softball); *City of San Antonio v. Peralta*, 476 S.W.3d 653, 658 (Tex. App.—San Antonio 2015, no pet.) (rejecting the plaintiff's argument that his bicycling was not "recreation" because he was commuting to work). Under the statute's plain language, bicycling is recreation. TEX. CIV. PRAC. & REM. CODE § 75.001(3)(M).

language, the University owed Garner only the duty not to injure her intentionally or through gross negligence.

Garner argues that this interpretation "expand[s] the scope" of the statute and disregards its "underlying objective," which is "to encourage landowners, including governmental landowners, to specifically open their property for recreational use." She contends that because Alvin is routinely used as a shortcut to avoid Lake Austin Boulevard, and because the University has "never opened Alvin Street to the public for recreational purposes," the court of appeals correctly held that the statute does not apply. Again, however, the court of appeals analyzed only subsection (c). Subsection (f) contains no such requirement, and we may not judicially engraft one. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute."). Garner makes no effort to account for the specific language the Legislature chose to use in subsection (f) or the manner in which it differs from subsection (c). In short, construing the statute in the manner Garner proposes improperly renders subsection (f) superfluous. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").

Rather than engage in a textual analysis, Garner argues that applying the Recreational Use Statute to "non-recreational use property" like an apartment complex is bad policy with "disastrous" consequences. She argues that such a construction will "provide governmental landowners like UT an all-encompassing pathway to limited liability." Leaving aside whether this is an accurate characterization, we may not judicially revise statutes because we believe they are bad policy. "The wisdom or expediency of the law is the Legislature's prerogative, not ours." *Tex.*

7

*Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968)).

Because the Recreational Use Statute applies, and because Garner does not assert claims premised on conduct involving malicious intent, bad faith, or gross negligence,[5] the Tort Claims Act does not waive the University's immunity from suit. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the University's petition for review, reverse the court of appeals' judgment, and dismiss the case for lack of jurisdiction.

**OPINION DELIVERED:** October 18, 2019

---

[5] Garner has never attempted to amend her petition to assert that Moreno acted intentionally or with gross negligence, nor does she argue in this Court that she should be given a further opportunity to do so.

8