

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00132-CV

_____

JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE, A
MINOR, Appellant

V.

HURST-EULESS-BEDFORD INDEPENDENT SCHOOL DISTRICT, Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-313745-19

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Jane Doe (Doe), appearing individually and on behalf of her minor son John Doe (John), appeals from the trial court's order granting the plea to the jurisdiction filed by appellee Hurst-Euless-Bedford Independent School District (the District). Because Doe failed to plead a valid waiver of the District's immunity from suit, we affirm the trial court's order dismissing Doe's claims for want of jurisdiction.

## I. BACKGROUND

While in a classroom waiting for his mother to pick him up from school, John went to an unlocked cabinet where students' medications were kept and ate some nonprescription lotion as well as another student's topical prescription medicine. Doe sued the District for negligence and gross negligence regarding the District's "administration" of medication, causing Doe and John to incur damages. Doe alleged that because the District had enacted policies requiring students' medications to be kept locked in the school nurse's office, because the District did not have Doe's written consent to administer the lotion to John, and because she asserted gross negligence against the District, the Legislature had clearly waived the District's immunity from liability in the Education Code. *See* Tex. Educ. Code Ann. § 22.052(a), (c).

The District filed a plea to the jurisdiction and motion to dismiss Doe's claims, arguing that Section 22.052 did not waive its immunity from suit, depriving the trial court of subject-matter jurisdiction. Specifically, the District asserted that

2

Section 22.052 did not preempt the District's common-law governmental immunity, did not create a cause of action, and did not apply because there had been no administration of medication to John. Doe responded that Section 22.052 clearly and directly waives a school district's immunity when a student is injured by medication administration and that she pleaded facts falling under this waiver. Alternatively, Doe requested jurisdictional discovery and an opportunity to amend. The trial court granted Doe this alternative relief, giving her until March 31, 2020, to amend her claims. Doe never filed an amended petition; the trial court granted the plea and dismissed Doe's claims with prejudice.

Doe appeals and argues in two issues that (1) because she pleaded a clear statutory waiver of the district's immunity and (2) because the facts show the District failed to comply with Section 22.052(a)'s prerequisites to such immunity, the trial court erred by granting the District's plea. The District now concedes that if Section 22.052 is, in fact, a waiver of the district's governmental immunity, Doe sufficiently raised a fact question "as to whether the District's alleged actions support a viable claim," requiring reversal of the trial court's order granting the plea. *See generally Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (holding, in a plea's challenge to the existence of jurisdictional facts, the nonmovant must show a disputed material fact regarding the jurisdictional issue). Indeed, the District contends that the sole issue here is "[w]hether [S]ection 22.052 . . . waives the District's immunity" as a matter of law. Accordingly, we address only Doe's first issue, in which she argues that

3

her pleaded waiver of immunity—Section 22.052—demonstrated the trial court's subject-matter jurisdiction. *See* Tex. R. App. P. 47.1. We do not hold here today that Doe factually alleged claims arising under the alleged waiver in Section 22.052; we merely recognize that the District concedes the issue, which we will not second-guess.

## II. PLEA TO THE JURISDICTION

### A. STANDARD AND SCOPE OF REVIEW

A plea to the jurisdiction challenges the trial court's power to adjudicate a case and is untethered from the substance of the asserted claims. *Schmitz v. Denton Cnty. Cowboy Church*, 550 S.W.3d 342, 351 (Tex. App.—Fort Worth 2018, pet. denied) (op. on reh'g) (citing *Mission Consol.*, 372 S.W.3d at 635). The District's assertion of governmental immunity from suit implicates the trial court's subject-matter jurisdiction and was appropriately raised in a plea to the jurisdiction. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). We review the trial court's determination de novo as a question of law. *See EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020).

When the plea challenges the pleadings, as did the District's plea, we determine if the plaintiff alleged facts demonstrating the court's jurisdiction to hear the cause. *See State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Specifically regarding governmental immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex.

4

2015) (per curiam); *Lueck*, 290 S.W.3d at 884–85. We construe the plaintiff's pleadings liberally in favor of jurisdiction and accept her factual allegations as true to determine whether she provided fair notice to the governmental entity that the trial court had subject-matter jurisdiction. *See Harris Cnty. v. Annab*, 547 S.W.3d 609, 612–13 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227, 230 (Tex. 2004); *Brown*, 80 S.W.3d at 555; *City of San Antonio v. Peralta*, 476 S.W.3d 653, 660 (Tex. App.—San Antonio 2015, no pet.). Even under a liberal construction, however, the plaintiff bears the burden to demonstrate through the alleged facts and reference to legal authority in her live pleading that immunity from suit has been waived, i.e., that the trial court has subject-matter jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 226; *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239 (Tex. App.—Fort Worth 2018, pet. denied); *Hardin Cnty. Cmty. Supervision & Corr. Dep't v. Sullivan*, 106 S.W.3d 186, 188–89 (Tex. App.—Austin 2003, pet. denied).

### B. SECTION 22.052 AND GOVERNMENTAL IMMUNITY

Although immunity derives from the common law, the judicial branch has deferred to the legislative branch to decide when, if, or how to waive immunity because that branch is better suited to weigh the implicated public-policy considerations. *See, e.g., City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 626–27 (Tex. App.—Austin 2007, pet. denied) (op. on reh'g) (citing *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) and *Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006) (op on reh'g)). Indeed, the Legislature requires that any

5

immunity waiver be in "clear and unambiguous language." Tex. Gov't Code Ann. § 311.034.

Doe and the District agree that Doe's immunity-waiver assertion rested solely on Section 22.052 of the Education Code:

§ 22.052. Administration of Medication by School District Employees or Volunteer Professionals; Immunity from Liability

(a) On the adoption of policies concerning the administration of medication to students by school district employees, the school district, its board of trustees, and its employees are immune from civil liability from damages or injuries resulting from the administration of medication to a student if:

(1) the school district has received a written request to administer the medication from the parent, legal guardian, or other person having legal control of the student; and

(2) when administering prescription medication, the medication is administered either:

(A) from a container that appears to be:

(i) the original container; and

(ii) properly labeled; or

(B) from a properly labeled unit dosage container filled by a registered nurse or another qualified district employee, as determined by district policy, from a container described by Paragraph (A).

. . . .

(c) This section may not be construed as granting immunity from civil liability for injuries resulting from gross negligence.

Tex. Educ. Code Ann. § 22.052. In the same subchapter governing civil immunity in the public-school context,[1] the Legislature stated that any immunity provided "is in addition to and does not preempt the common law doctrine of official and governmental immunity." *Id.* § 22.051. Doe contends that the Legislature, by enacting Section 22.052, clearly waived the District's immunity regarding her gross-negligence claims and thereby provided a remedy against a school district for those injured by a school employee's medication administration. We disagree.

Immunity from liability and immunity from suit are separate concepts. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Immunity from suit is jurisdictional and prevents a plaintiff from bringing suit absent a clear waiver. *See Lueck*, 290 S.W.3d at 880. Immunity from liability, on the other hand, prevents the recovery of damages even if immunity from suit is waived; however, immunity from liability is not jurisdictional and does not affect a court's jurisdiction to hear a case. *See id.* The Legislature may waive immunity from suit, immunity from liability, or both. *See Miranda*, 133 S.W.3d at 224.

By raising its immunity in a plea to the jurisdiction, the District was invoking its general immunity from suit. *See, e.g.*, *Alamo Heights ISD v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("Governmental units, including school districts, are immune from suit unless the state consents."). Doe admits that the only immunity waiver she relied on

---

[1]This subchapter is entitled "Civil Immunity."

to refute the District's assertion of immunity was Section 22.052. But in that section, the Legislature, at most, waived the District's immunity "from civil liability for injuries resulting from gross negligence," not its immunity from suit. Tex. Educ. Code Ann. § 22.052(c). Nothing in the plain language of Section 22.052(c) indicates that the Legislature's reference to immunity from civil liability included immunity from suit. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) (recognizing legislative intent must be discerned from the statute's plain language); *cf. Miranda*, 133 S.W.3d at 224 (holding Tort Claims Act's waiver of immunity from suit also waived immunity from liability based on clear statutory language). We overrule Doe's issue because she failed to demonstrate the trial court's subject-matter jurisdiction in response to the District's assertion of immunity from suit.

## III.  CONCLUSION

We conclude that Section 22.052(c) is not a clear and unambiguous waiver of the District's immunity from suit. Because this is the only ground for waiver asserted by Doe, she did not carry her burden to affirmatively demonstrate the trial court's subject-matter jurisdiction even under a liberal construction of her pleadings. Accordingly, the trial court did not err by granting the District's jurisdictional plea, and we affirm the trial court's order. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  January 21, 2021