**AFFIRMED; Opinion Filed November 18, 2022**



In The
Court of Appeals
Fifth District of Texas at Dallas

No. 05-21-00708-CV

MAX NELSON AND CAROLYN NELSON,
AS CO-GUARDIANS OF MATTHEW NELSON, Appellants
V.
CITY OF PLANO, Appellee

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-02317-2020

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia[1]
Opinion by Justice Smith

The trial court granted the City of Plano's plea to the jurisdiction in this personal injury suit brought on behalf of Matthew Nelson by his parents and co-guardians Max Nelson and Carolyn Nelson. In a single issue, the Nelsons contend the trial court's ruling was error because the City is not immune from liability for its negligence in causing Matthew's injuries. Concluding that the City has not waived

---

[1] The Honorable Leslie Osborne participated in the submission of this case; however, she did not participate in issuance of this memorandum opinion due to her resignation on October 24, 2022. The Honorable Dennise Garcia has substituted for Justice Osborne in this case. *See* TEX. R. APP. P. 41.1 (a), (b)(1). Justice Garcia has reviewed the briefs and the record before the Court.

its immunity with respect to the Nelsons' ordinary negligence claim, we affirm the trial court's order.

## BACKGROUND

Matthew Nelson, a 26-year-old man with cognitive disabilities, was riding his bicycle on a sidewalk in the City of Plano when he collided with a truck driven by a City of Plano employee. Matthew was on his way to a 7-Eleven store a few blocks from home. Matthew cannot legally drive because of his disabilities; bicycling is his mode of transportation. Matthew suffered pelvic fractures, broken ribs, and internal injuries in the accident.

The Nelsons sued the City, alleging a sole claim of ordinary negligence. The City answered and pleaded affirmative defenses including governmental immunity.

The parties engaged in discovery. The Nelsons responded to the City's requests for admissions, admitting that:

1.  At the time of the accident, Matthew was riding a bicycle;

2.  At the time of the accident, Matthew was riding a bicycle "on City of Plano property, a City sidewalk,"

3.  At the time of the accident, Matthew was "riding a bicycle and had entered premises owned, operated, or maintained by the City of Plano, specifically, either a City of Plano sidewalk or street," and

4.  The Nelsons are suing the City only for "negligence" as alleged in Paragraph V(11) of their operative petition.

Based on these admissions and other discovery, the City filed a plea to the jurisdiction alleging governmental immunity. The trial court granted the City's plea and dismissed the Nelsons' claims with prejudice. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

In their sole issue, the Nelsons contend the trial court erred by granting the City's plea to the jurisdiction. They contend that the City's governmental immunity is waived under the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE § 101.021, and that the Recreational Use Statute ("RUS"), TEX. CIV. PRAC. & REM. CODE § 75.002(f), does not apply. We review the trial court's ruling on a plea to the jurisdiction de novo. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

## APPLICABLE LAW

Under the TTCA, a governmental unit such as the City is liable for personal injury "proximately caused by the wrongful act or omission or negligence of an employee acting within his scope of employment" if the personal injury "arises from the operation or use of a motor-driven vehicle." TTCA § 101.021(1)(A).

Under the RUS, however, "if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises." RUS § 75.002(f). As explained by the supreme court in *University of Texas v. Garner*, 595 S.W.3d 645, 647 (Tex. 2019) (per

curiam), the RUS "limits the [TTCA's] waiver of governmental immunity by lowering the duty of care owed to a person who enters and engages in 'recreation' on a governmental unit's property." "Specifically, the governmental unit owes that person only the degree of care owed to a trespasser—that is, the duty not to injure intentionally or through gross negligence—and thus retains immunity from ordinary negligence claims even when the [TTCA] would otherwise waive such immunity." *Id.*

"Recreation" as defined in the RUS includes "bicycling and mountain biking." RUS § 75.001(2)(M). "Bicycling" is not further defined, nor is any intent or purpose on the part of the rider specified. "Premises" is defined under the RUS to include "land, roads, water, watercourse, private ways, and buildings, structures, machinery and equipment attached to or located on the land, road, water, watercourse, or private way." *Id*. § 75.001(2).

## DISCUSSION

The Nelsons pleaded that a City employee negligently operated a motor vehicle and injured Matthew. They argue the City's governmental immunity is waived for that claim under TTCA § 101.021(1)(A). They contend the RUS does not apply—and should not apply—to bar that claim because Matthew "was clearly not engaged in 'recreation' as contemplated by the [RUS]." *See* RUS § 75.002(f). Instead, Matthew was "riding a bicycle for transportation purposes only," on a City-owned sidewalk, because he cannot drive. The Nelsons assert that classifying all

–4–

bicycle riding as "recreational" is inconsistent with the purpose of the RUS "to limit the duty to warn of potentially dangerous, naturally occurring conditions outdoors for the protection of landowners so Texans can more easily and cost-efficiently enjoy outdoor recreation." Matthew was not enjoying outdoor recreation, the Nelsons argue; he was running an errand next to a busy street via his only method of transportation.

The City, in turn, relies on the supreme court's opinion in *Garner*. In *Garner*, the court held the RUS applied to a bicyclist's negligence claim against the University, so that the University's immunity was not waived. *Garner*, 595 S.W.3d at 651. The City argues that Matthew's purpose in riding his bicycle—for transportation rather than recreation—does not control the RUS's applicability. *See id.* at 650 n.4 (plaintiff's subjective intent does not control).

In *Garner*, the plaintiff was struck by a city vehicle while riding her bicycle on a road through a student-housing complex on the University of Texas campus. *Id.* at 647–48. She was biking to the trail head at Eilers Park, where she planned to meet a friend and "ride the trail" when the accident occurred. *Id.* at 648. She sued the University for negligence, contending that the University's immunity was waived under the TTCA. *Id.* The University filed a plea to the jurisdiction, arguing that Garner was a trespasser, for two reasons: (1) the RUS classified her as a trespasser, and (2) there were "no trespassing" signs on either end of the road through the housing complex. *Id.* at 648.

The court of appeals affirmed the trial court's denial of the University's plea, but the supreme court reversed, concluding that RUS subsection 75.002(f) "is dispositive." *Id.* at 649. The court explained, "subsection (f) requires only that a person (1) enter premises owned, operated, or maintained by a governmental unit and (2) engage in recreation on those premises." *Id.* at 650. The court concluded that "[i]f those two conditions are met, the governmental unit owes the person only the duty owed to a trespasser." *Id.* Because it was undisputed that Garner entered premises owned by a governmental unit and engaged in activity that qualified as "recreation" under the statute, "the University owed Garner only the duty not to injure her intentionally or through gross negligence." *Id.*

The Nelsons argue that *Garner* should not apply here because, unlike the *Garner* plaintiff who was on her way to "ride the trail," Matthew was not "enjoying nature or exploring the outdoors in any fashion." *See id.* at 648. They contend Matthew's bicycle riding was not "recreational"; it was a matter of necessity given his disabilities. The City responds that the court rejected a similar argument in *Garner*:

> To the extent Garner argues that she was bicycling on Alvin for transportation rather than recreational purposes, her subjective intent does not control. *See City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002) (explaining that whether the plaintiff was engaged in recreation hinged on her activity when she was injured—sitting on a swing—not her reason for being at the venue—to play softball); *City of San Antonio v. Peralta*, 476 S.W.3d 653, 658 (Tex. App.—San Antonio 2015, no pet.) (rejecting the plaintiff's argument that his bicycling was not "recreation" because he was commuting to work). Under the

statute's plain language, bicycling is recreation. TEX. CIV. PRAC. & REM. CODE § 75.001(3)(M).

*Id.* at 650 n.4.

The Nelsons also argue that the *Garner* plaintiff had entered on "governmentally controlled property that had 'no-trespassing' signs at both ends of the road," *see id.* at 647, while Matthew was riding on a public sidewalk. But the City responds that under § 75.002(f), "a person receives the legal protection of a trespasser even though she is *not* trespassing," and accordingly, Matthew "is entitled to the legal protection of a trespasser even though he was not trespassing." The City concludes that if § 75.002(f) applied only to trespassers, it would be meaningless.

The Nelsons further argue the trial court's ruling is inconsistent with the RUS's purpose to limit—not abrogate—the liability of property owners who open their land for recreational activities. They assert that "ignor[ing] a bicyclist's subjective intent abrogates common law negligence for a large number of bicyclists," and that *Garner* "deprives injured parties of legal recourse" against a government employee's negligence merely because those parties happen to be riding a bicycle rather than walking or driving a vehicle.[2] They contend that "a child with a summertime paper route, the environmentally-conscious commuter, someone who cannot afford a vehicle who must bike to work, the average teenager biking a few

---

[2] We note that both "hiking" and "pleasure driving, including off-road motorcycling and off-road automobile driving and the use of off-highway vehicles" are included in the definition of "recreation" in the RUS. *See* RUS § 75.001(3)(G), (H). Consequently, not all pedestrians and drivers are excluded from the RUS's limitation of liability.

blocks to school, [and] a bicycle delivery driver"—in addition to those like Michael with cognitive difficulties who are not able to drive—have no recourse even though their bicycling has no connection to the outdoor recreation the RUS was designed to encourage.

These arguments are not without force. But this Court "must take the Legislature at its word, respect its policy choices, and resist revising a statute under the guise of interpreting it." *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013). Nor may we adopt a statutory construction different from supreme court precedent. *See, e.g., Tex. Office of Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 315–16 (Tex. App.—Dallas 2012, pet. denied) (this Court is bound by supreme court precedent addressing whether statute waived governmental immunity). The trial court applied the statute's plain language in accordance with supreme court precedent. We must do the same. Accordingly, we decide the Nelsons' sole issue against them.

CONCLUSION

We affirm the trial court's order granting the City's plea to the jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

Schenck, J., dissenting.

210708F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAX NELSON AND CAROLYN
NELSON, AS CO-GUARDIANS OF
MATTHEW NELSON, Appellants

No. 05-21-00708-CV     V.

CITY OF PLANO, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-02317-2020.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee City of Plano recover its costs of this appeal from appellants Max Nelson and Carolyn Nelson, as Co-Guardians of Matthew Nelson.

Judgment entered this 18th day of November, 2022.