**Opinion issued July 20, 2021**



In The

# Court of Appeals

### For The

## First District of Texas

————————————

## NO. 01-20-00097-CV

————————————

## TROYLENCIA WOLF ANDERSON, Appellant

## V.

## WALLER COUNTY AND WALLER COUNTY SHERIFF'S DEPARTMENT AND ITS UNKNOWN AGENTS, Appellees

---

### On Appeal from the 506th District Court
### Waller County, Texas
### Trial Court Case No. 19-09-25771

---

### MEMORANDUM OPINION

Appellant, Troylencia Wolf Anderson, challenges the trial court's judgment granting the amended plea to the jurisdiction of appellees, Waller County and Waller County Sheriff's Department and its Unknown Agents (collectively, "appellees"), and dismissing her claims against appellees with prejudice in Anderson's suit for

sexual assault, assault, intentional infliction of emotional distress, and negligence. In two issues, Anderson contends that the trial court erred in granting appellees' amended plea to the jurisdiction, dismissing her claims against appellees with prejudice, and denying her motion for new trial.

We affirm.

## Background

In her original petition, Anderson alleged that on or about October 19, 2014, while incarcerated at the Waller County Jail, she was taken to her cell by an unknown female jailor. The unknown female jailor took Anderson's clothing and left Anderson with only a blanket to use to cover herself. After receiving the blanket, Anderson sat in the corner of her cell. Another jailor named Chris brought Anderson a sandwich, water, milk, and mustard and mayonnaise packets. Anderson drank the water and milk but could not recall if she ate the sandwich. Anderson noticed a camera in the upper corner of her cell, and she smeared mayonnaise on the camera lens "to block people from seeing her." An unknown "lieutenant" then came into Anderson's cell and was "very angry over what [she] had done." The lieutenant removed the mayonnaise from the camera lens, while the jailor named Chris stood by holding a taser.

After drinking the milk and water, Anderson "did not remember much." Anderson "felt like she blacked out." She felt paralyzed and "could not move."

2

Anderson "heard voices making comments about her breasts and body," and she "heard one jailor say[,] 'he already got his monkey rolled up.'" Anderson alleged that she was "drugged and sexually assaulted" while at the Waller County Jail. She was released from the Waller County Jail on October 20, 2014.

Anderson brought claims against appellees for sexual assault, assault, intentional infliction of emotional distress, and negligence. Anderson also asserted that Waller County and Waller County Sheriff's Department were vicariously liable for the acts and omissions of the "on-duty jailor[s]."

Appellees answered, generally denying the allegations in Anderson's petition and asserting various defenses. Appellees also filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over Anderson's claims because appellees were entitled to governmental immunity and the Texas Tort Claims Act ("TTCA")[1] did not waive that immunity. Appellees asserted that Anderson failed to plead and prove that she had provided appellees with the TTCA-required notice of her claims within six months of the day of the incident giving rise to Anderson's claims.[2] Because the TTCA-required notice was jurisdictional, dismissal of Anderson's claims for lack of jurisdiction was required.

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109.

[2]    *See id.* § 101.101(a); *see also* TEX. GOV'T CODE ANN. § 311.034.

3

In response to appellees' plea to the jurisdiction, Anderson filed her first amended petition, asserting the same factual allegations detailed in her original petition. Anderson brought claims against appellees for sexual assault, assault, and intentional infliction of emotional distress, and she continued to assert that Waller County and Waller County Sheriff's Department were vicariously liable for the acts and omissions of the "on-duty jailor[s]." Anderson did not allege a negligence claim against appellees in her first amended petition.

Appellees then filed an amended plea to the jurisdiction, arguing, among other things, that the trial court lacked jurisdiction over Anderson's claims because appellees were entitled to governmental immunity, Anderson failed to plead and prove that she had timely provided appellees with the TTCA-required notice of her claims, the TTCA-required notice was jurisdictional, and without Anderson providing appellees with the required notice, the TTCA did not waive appellees' governmental immunity. Thus, Anderson's claims against appellees had to be dismissed for lack of jurisdiction.

In response to appellees' amended plea to the jurisdiction, Anderson filed her second amended petition, asserting the same factual allegations as her previous petitions. Anderson brought claims against appellees for sexual assault, assault, intentional infliction of emotional distress, and negligence. Anderson continued to

4

assert that Waller County and Waller County Sheriff's Department were vicariously liable for the acts and omissions of the "on-duty jailor[s]."

As to her sexual-assault and assault claims, Anderson asserted that while she was in the custody of the Waller County Jail, there was a "misuse of property by providing [Anderson] unsafe food, milk, and water [that] caused [Anderson] to black out." Additionally, "[t]he misuse of the surveillance cameras and/or monitors caused them to be pointed in a way that there was no view of [Anderson's] jail cell where the sexual assault [and assault] of [Anderson] occurred." And either "[t]he misuse of surveillance cameras and/or monitors" or "the non-functioning, improperly functioning, misused, and/or improperly placed surveillance cameras and/or monitors" ensured that the sexual assault and assault of Anderson were not detected. Essentially, the misuse of tangible property allowed the conduct of appellees, "by and through the[] on-duty jailer[s]," "to intentionally or knowingly sexually assault [Anderson]" and "to intentionally or knowingly make contact with [Anderson's] person . . . without her consent while she was in her cell." Appellees, "by and through the[] on-duty jailer[s], knew or should have believed [that Anderson] would regard the contact as offensive or provocative." Anderson suffered damages as a result.

As to her intentional-infliction-of-emotional-distress claim, Anderson asserted that "[t]he misuse of tangible property, which allowed the actions of

[appellees], by and through the[] on-duty jailer[s] . . . , to sexually assault and/or assault [Anderson], constitute[d] extreme and outrageous conduct." Anderson suffered severe emotional distress and damages as a result.

As to her negligence claim, Anderson asserted that appellees, "by and through the[] on-duty jailer[s]," breached their duty to Anderson by misusing property through providing Anderson with improper clothing after taking Anderson's clothes, providing unsafe food, milk, and water to Anderson, failing to detect and prevent injury to Anderson's body, failing to adequately monitor Anderson, failing to prevent the "on-duty jailer[s]" from having unsupervised access to Anderson, failing to properly supervise, train, retrain, and retain the "on-duty jailer[s]," and failing to provide reasonable supervision of the activities of the "on-duty jailer[s]." Appellees' breach caused Anderson to suffer damages.

As to the TTCA-required notice,[3] Anderson stated, in her second amended petition: "[Appellees] received actual notice of [Anderson's] claims because the Texas Rangers investigated a complaint by [Anderson]. Additionally, [appellees] received written notice of [Anderson's] claim[s] on or about November 19, 2018."

In addition to her second amended petition, Anderson filed a response to appellees' amended plea to the jurisdiction. As to the TTCA-required notice,

---

[3]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *see also* TEX. GOV'T CODE ANN. § 311.034.

Anderson asserted that she, in her second amended petition, had alleged that appellees had actual notice that Anderson suffered an injury and Anderson had also provided appellees with written notice.

After a hearing, the trial court granted appellees' amended plea to the jurisdiction and dismissed Anderson's claims against appellees with prejudice. In its order, the trial court noted that it had reviewed "the motion, any responses or replies, the pleadings, and the evidence" and had "hear[d] any arguments of counsel" before granting the amended plea to the jurisdiction.

Anderson filed a motion for new trial, arguing that the trial court erred in granting appellees' amended plea to the jurisdiction because the trial court failed to consider her second amended petition, which was her live pleading at the time the trial court granted the amended plea to the jurisdiction, Anderson had pleaded that appellees had actual notice and written notice of Anderson's claims, and Anderson's claims should not have been dismissed with prejudice. The trial court denied Anderson's motion.

## Standard of Review

Subject-matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff bears the burden of affirmatively demonstrating that the trial court has subject-matter jurisdiction over her case. *Heckman v. Williamson Cty.*, 369 S.W.3d

137, 150 (Tex. 2012); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *see also City of Houston v. Miller*, No. 01-19-00450-CV, 2019 WL 7341666, at *4 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, no pet.) (mem. op.).  A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Villarreal v. Harris Cty.*, 226 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  A plea to the jurisdiction may be utilized to challenge whether the plaintiff has met her burden of alleging jurisdictional facts or to challenge the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

If a defendant is a governmental entity, it may file a plea to the jurisdiction on the basis of sovereign or governmental immunity because immunity deprives a trial court of subject-matter jurisdiction. *See Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926–27 (Tex. 2015); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–55 (Tex. 2002); *see also Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (noting "immunity is properly asserted in a plea to the jurisdiction" (internal quotations omitted)).  When a governmental entity challenges jurisdiction on the basis of immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Ryder Integrated*, 453 S.W.3d at 927.

When a plea to the jurisdiction challenges the plaintiff's pleadings, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Ryder Integrated*, 453 S.W.3d at 927; *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff, accept all factual allegations as true, and look to the plaintiff's intent. *Ryder Integrated*, 453 S.W.3d at 927; *Heckman*, 369 S.W.3d at 150. It is the plaintiff's burden to plead facts in her petition that demonstrate a waiver of sovereign or governmental immunity. *Dallas Cty. Hosp. Dist. v. Bravo*, No. 05-20-00640-CV, 2021 WL 822916, at *2 (Tex. App.—Dallas Mar. 4, 2021, no pet.) (mem. op.); *City of San Antonio v. Peralta*, 476 S.W.3d 653, 658 (Tex. App.—San Antonio 2015, no pet.). If the pleadings generate a "fact question regarding the jurisdictional issue," a court cannot sustain the plea to the jurisdiction. *Ryder Integrated*, 453 S.W.3d at 927 (internal quotations omitted). Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law that we review de novo. *Id.*; *Miranda*, 133 S.W.3d at 226; *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006) (we review trial court's ruling on jurisdictional plea de novo).

9

**Plea to the Jurisdiction**

In a portion of her first issue, Anderson argues that the trial court erred in granting appellees' amended plea to the jurisdiction because the TTCA waives governmental immunity for her claims against appellees, her second amended petition was her live pleading at the time the trial court granted the amended plea to the jurisdiction, she pleaded that appellees had actual notice of Anderson's claims, and Anderson's claims should not have been dismissed with prejudice.

## A.    Second Amended Petition

Anderson first argues that the trial court erred in granting appellees' amended plea to the jurisdiction because it failed to consider her second amended petition, which was her live pleading at the time the trial court granted the amended plea to the jurisdiction.

When appellees filed their amended plea to the jurisdiction, Anderson's live pleading was her first amended petition. In response to appellees' amended plea to the jurisdiction, Anderson filed her second amended petition before the trial court's hearing on the amended plea to the jurisdiction.

An amended petition completely replaces and supersedes the previously filed petition. *Fawcett v. Grosu*, 498 S.W.3d 650, 658–59 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Once a

petition is amended and filed, the prior petition is no longer part of the pleadings in the case. *Fawcett*, 498 S.W.3d at 659; *Bennett v. Wood Cty.*, 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.). The amended petition becomes the controlling petition. *Elliot v. Methodist Hosp.*, 54 S.W.3d 789, 793–94 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

At the hearing on appellees' amended plea to the jurisdiction, the parties notified the trial court that Anderson had filed her second amended petition before the hearing, and in making their arguments to the court, the parties specifically addressed Anderson's allegations in the second amended petition as to whether she had provided the TTCA-required notice to appellees. The trial court also acknowledged, during the hearing, that Anderson's second amended petition had been filed. In its order granting appellees' amended plea to the jurisdiction and dismissing Anderson's claims against appellees with prejudice, the trial court stated that it had "review[ed] . . . the pleadings."

The Texas Rules of Civil Procedure do not prescribe a deadline for filing an amended petition before a hearing or submission of a plea to the jurisdiction. *Church v. City of Alvin*, No. 01-13-00865-CV, 2015 WL 5769998, at *4 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.) (mem. op.); *City of McKinney v. Hank's Rest. Grp., L.P.*, 412 S.W.3d 102, 110 (Tex. App.—Dallas 2013, no pet.). Here, the trial court stated that it had "review[ed] . . . the pleadings," and Anderson's live

11

pleading at the time the trial granted appellees' amended plea to the jurisdiction was her second amended petition. *See Church*, 2015 WL 5769998, at \*4 (trial court considered third amended petition—live petition—when it stated in its order that it had "review[ed] the pleadings of the parties" (alteration in original) (internal quotations omitted)); *City of McKinney*, 412 S.W.3d at 110 (trial court considered amended pleadings—live pleadings—when it denied plea to jurisdiction because it "recited [in its order] that [it had] reviewed the pleadings of the parties" (internal quotations omitted)). We conclude that the trial court considered Anderson's second amended petition in deciding to grant appellees' amended plea to the jurisdiction. *See Church*, 2015 WL 5769998, at \*4; *City of McKinney*, 412 S.W.3d at 110; *see also Heckman*, 369 S.W.3d at 150 (in analyzing plea to jurisdiction, court looks to live pleading). Thus, we hold that the trial court did not err in granting appellees' amended plea to the jurisdiction on this basis asserted by Anderson.

We overrule this portion of Anderson's first issue.

## B. Notice

Anderson next argues that the trial court erred in granting appellees' amended plea to the jurisdiction because Anderson pleaded, in her second amended petition, that appellees had actual notice of Anderson's claims.

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money

12

damages.  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–36 (Tex. 2012); *IT-Davy*, 74 S.W.3d at 853; *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24 ("Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages.").  Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts."  *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24; *see also Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *2 n.8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.).  We interpret statutory waivers of governmental immunity narrowly, as the Texas Legislature's intent to waive immunity must be clear and unambiguous.  *See LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 120 (Tex. App.—Austin 2017, pet. denied); *see also* TEX. GOV'T CODE ANN. § 311.034.  Without an express waiver of sovereign immunity or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its political subdivisions.  *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Miranda*, 133 S.W.3d at 224–25; *see also Church*,

2015 WL 5769998, at \*3 ("If a governmental unit has immunity from a claim pending against it, a trial court lacks subject-matter jurisdiction as to that claim.").

The TTCA provides a limited waiver of immunity for certain suits against governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *City of Houston v. Garza*, No. 01-18-01069-CV, 2019 WL 2932851, at \*4 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.); *City of Dallas v. Hillis*, 308 S.W.3d 526, 530 (Tex. App.—Dallas Mar. 30, 2010, pet. denied). Appellees are governmental units protected by governmental immunity, absent waiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3); *see also Nueces Cty. v. San Patricio Cty.*, 246 S.W.3d 651, 652 (Tex. 2008) ("Governmental immunity . . . shields counties against . . . suits absent express legislative waiver."); *Ficke v. Ratliff*, No. 03-13-00136-CV, 2014 WL 857212, at \*1–2 (Tex. App.—Austin Feb. 27, 2014, pet. denied) (mem. op.) (affirming trial court's order granting plea to jurisdiction based on governmental immunity and dismissing plaintiff's claims against Hays County Sheriff's Department); *Hardin Cty. Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 552–54 (Tex. App.—Beaumont 2009, no pet.) (holding governmental immunity barred plaintiff's claims against Hardin County Sheriff's Department); *Hopper v. Midland Cty.*, 500 S.W.2d 552, 554 (Tex. App.—El Paso 1973, writ ref'd n.r.e.) (governmental immunity applicable to counties). Relevant here, the TTCA waives

a governmental unit's immunity for a personal injury caused by a condition or use of personal property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

To take advantage of the TTCA's limited waiver of immunity, a plaintiff must comply with the TTCA's notice requirements. *See id.* § 101.101(a); *Miller*, 2019 WL 7341666, at *3; *see also Metro. Transit Auth. of Harris Cty. v. Garza*, No. 01-18-00408-CV, 2019 WL 1523186, at *4 (Tex. App.—Houston [1st Dist.] Apr. 9, 2019, no pet.) (mem. op.); *Bexar Cty. v. Votion*, No. 04-14-00629-CV, 2015 WL 2405364, at *2 (Tex. App.—San Antonio May 20, 2015, no pet.) (mem. op.) (TTCA requires plaintiff to notify governmental unit of claim in order to invoke waiver of immunity). A plaintiff's failure to provide the statutorily required notice deprives the trial court of jurisdiction and requires the court to dismiss the plaintiff's case. *See* TEX. GOV'T CODE ANN. § 311.034; *Worsdale v. City of Killeen*, 578 S.W.3d 57, 59, 62 (Tex. 2019) (stating notice under TTCA is "a jurisdictional prerequisite to suit"); *Miller*, 2019 WL 7341666, at *4.

The TTCA's notice requirements "allow[] [a] governmental [unit] to investigate claims while the facts are fresh, to guard against unfounded claims, to settle claims, and to prepare for trial." *Miller*, 2019 WL 7341666, at *3 (internal quotations omitted); *see also Garza*, 2019 WL 1523186, at *4. Texas Civil Practice and Remedies Code section 101.101(a) provides that "[a] governmental unit is entitled to receive notice of a claim against it . . . not later than six months after the

day that the incident giving rise to the claim occurred." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). The notice must be in writing and must reasonably describe (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident. *See id.*; *Miller*, 2019 WL 7341666, at *3; *Garza*, 2019 WL 1523186, at *4; *see also Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995) (TTCA requires formal, written notice of claim).

The written notice requirements in section 101.101(a) do not apply if a governmental unit has actual notice that the plaintiff received some injury within six months of the incident giving rise to the injury claimed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c); *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018); *Garza*, 2019 WL 1523186, at *4; *Tex. Tech Univ. Health Scis. Ctr. v. Lozano*, 570 S.W.3d 740, 742–43, 745 (Tex. App.—El Paso 2018, pet. denied). But knowledge that an injury has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes. *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at *4. To have actual notice, a governmental unit must have the same knowledge it is entitled to receive under the written notice provisions of Texas Civil Practice and Remedies Code section 101.101(a). *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at *4. Thus, the actual notice provision under the TTCA requires a governmental unit to have subjective awareness that its fault, as ultimately alleged by the plaintiff, produced or contributed to the claimed

16

injuries.  *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at \*4.  A governmental unit has actual notice if it has subjective knowledge of (1) an injury, (2) the governmental unit's fault that produced or contributed to the injury, and (3) the identity of the parties involved.  *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at \*4.  Mere investigation of an incident or injury does not show that a governmental unit had actual notice for purposes of the TTCA.  *Lozano*, 570 S.W.3d at 745–46; *Tex. Dep't of Crim. Justice v. Thomas*, 263 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]nvestigation of an incident alone is not enough to show that a governmental unit has actual knowledge of an injury.").

It is undisputed that the alleged incident giving rise to Anderson's claims against appellees occurred on October 19, 2014.  Thus, appellees were entitled to receive the TTCA-required notice of Anderson's claims no later than April 20, 2015.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *see also* TEX. R. CIV. P. 4 ("Computation of Time"); *Univ. of Tex. Health Sci. Ctr. v. Owens*, No. 01-18-00464-CV, 2019 WL 4065289, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. denied) (mem. op.) (applying Texas Rule of Civil Procedure 4 to TTCA's six-month-notice deadline).

In her second amended petition, Anderson alleged that she provided formal, written notice to appellees on November 19, 2018.  *See* TEX. CIV. PRAC. & REM.

17

CODE ANN. § 101.101(a); *see also Cathey*, 900 S.W.2d at 340 (TTCA requires formal, written notice of claim). A copy of the November 19, 2018 written notice is not included in the record. Even assuming that the notice reasonably described (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident, Anderson provided appellees with the written notice more than four years after the incident giving rise to Anderson's claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *Miller*, 2019 WL 7341666, at *3; *Garza*, 2019 WL 1523186, at *4. The alleged November 19, 2018 written notice cannot satisfy the TTCA's notice requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (governmental unit entitled to receive notice of claim against it not later than six months after day incident giving rise to claim occurred).

As to actual notice, Anderson's allegations in her second amended petition only state: "[Appellees] received actual notice of [Anderson's] claims because the Texas Rangers investigated a complaint by [Anderson]." There is no evidence in the record about the Texas Rangers' alleged investigation. *See Long v. Long*, No. 04-02-00566-CV, 2003 WL 22656877, at *2 (Tex. App.—San Antonio Nov. 12, 2003, no pet.) (plaintiff argued governmental unit had actual notice because plaintiff filed grievance describing his alleged injuries but record on appeal did not include copy of grievance and appellate court had no way to judge whether grievance gave

18

governmental unit actual notice as required by Texas Civil Practice and Remedies Code section 101.101(c)).

Notably, in her second amended petition, Anderson did not allege the date on which appellees received actual notice and did not allege that appellees had actual notice that Anderson had received some injury within six months of the incident giving rise to Anderson's claimed injury.[4]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c) (written notice requirements under Texas Civil Practice and Remedies Code section 101.101(a) do not apply if governmental unit had actual notice that plaintiff received some injury); *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at *4; *Lozano*, 570 S.W.3d at 742–43, 745 (governmental unit must have actual notice within six months of incident giving rise to claimed injury).  Anderson also did not allege, in her petition, that appellees had subjective knowledge of her injury, their fault that produced or contributed to Anderson's injury, and the identity of the parties involved.  *See Tenorio*, 543 S.W.3d at 776 (governmental unit has actual notice if it has subjective knowledge of (1) injury, (2) its fault that produced or contributed to injury, and (3) identity of parties involved); *Garza*, 2019 WL 1523186, at *4 (governmental unit must have same knowledge it is entitled to under

---

[4]  At the hearing on appellees' amended plea to the jurisdiction, appellees' counsel stated that the Texas Rangers' investigation occurred more than a year after the incident giving rise to Anderson's claims.  Anderson's counsel did not dispute this timeline at the hearing.

TTCA's written notice provisions found in Texas Civil Practice and Remedies Code section 101.101(a)).  Anderson's allegations that the Texas Rangers investigated an unspecified complaint by Anderson at some unspecified time, even if taken as true, do not show that *appellees—Waller County and Waller County Sheriff's Office and its Unknown Agents*—had actual notice of Anderson's injury within six months of the incident giving rise to Anderson's claims.[5]  *See Lozano*, 570 S.W.3d at 745–46 (mere investigation of incident or injury does not show governmental unit had actual notice); *Thomas*, 263 S.W.3d at 217 ("[I]nvestigation of an incident alone is not enough to show that a governmental unit has actual knowledge of an injury.").  And any knowledge of appellees that Anderson's injury occurred in October 2014, standing alone, is not sufficient to put appellees on actual notice for TTCA purposes. *Tenorio*, 543 S.W.3d at 776; *Garza*, 2019 WL 1523186, at *4.

Although we must construe the pleadings in Anderson's favor, we conclude that Anderson, in her second amended petition, did not plead facts showing that she had complied with the TTCA's notice requirements, that appellees had actual notice of her injury within the prescribed time-frame, or that the TTCA waived governmental immunity.  *See Bravo*, 2021 WL 822916, at *2 (plaintiff's burden to plead facts that demonstrate waiver of sovereign or governmental immunity);

---

[5]     In her briefing, Anderson, at times, focuses on the actual notice of the Texas Rangers and not whether and when *appellees* received actual notice of Anderson's claimed injury.

*Peralta*, 476 S.W.3d at 658; *see also State v. Gafford*, No. 04-03-00168-CV, 2003 WL 22011302, at *4 (Tex. App.—San Antonio Aug. 27, 2003, no pet.) (mem. op.) (because plaintiff failed to plead that "he gave the State notice of his claim," as required by TTCA, State's plea to jurisdiction should have been granted and plaintiff's claim dismissed); *City of Palmview v. Vasquez*, No. 13-99-719-CV, 2000 WL 35721246, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2000, no pet.) (not designated for publication) (holding plaintiff's petition affirmatively showed case did not fall within TTCA's immunity waiver where plaintiff failed to plead sufficient facts). And we disagree with Anderson's assertion that the allegations in her second amended petition raise a fact issue as to whether appellees received actual notice of her claimed injury. We hold that the trial court did not err in granting appellees' amended plea to the jurisdiction on this basis asserted by Anderson.

We overrule this portion of Anderson's first issue.

## C. Dismissal with Prejudice

Anderson also argues that the trial court erred in granting appellees' amended plea to the jurisdiction because it dismissed her claims against appellees with prejudice and "dismissal with prejudice is improper when [a] [p]laintiff is capable of remedying the jurisdictional defect."

Generally, if the plaintiff's petition does not allege facts sufficient to affirmatively demonstrate jurisdiction but the defects in the petition are curable by

21

amendment, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend her petition. *Tex. Dep't of Crim. Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012); *Miranda*, 133 S.W.3d at 226–27; *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 321 (Tex. App.—Dallas 2007, no pet.). But if a governmental unit filed its plea to the jurisdiction asserting its immunity and the plaintiff was given a reasonable opportunity to amend her petition, and the plaintiff's amended petition *still* did not allege facts that would constitute a waiver of immunity, the trial court should dismiss the case with prejudice. *See Campos*, 348 S.W.3d at 815–16; *Sykes*, 136 S.W.3d at 639–40.

After Anderson filed her original petition, appellees filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over Anderson's claims because appellees were entitled to governmental immunity and the TTCA did not waive that immunity. Appellees asserted that Anderson had failed to plead and prove that she provided appellees with the TTCA-required notice of her claims within six months of the day of the incident giving rise to Anderson's claims, notice was jurisdictional, and dismissal of Anderson's claims for lack of jurisdiction was required. In response to appellees' plea to the jurisdiction, Anderson filed her first amended petition but did not include any allegations as to the TTCA-required notice.

After Anderson filed her first amended petition, appellees filed an amended plea to the jurisdiction, arguing that the trial court lacked jurisdiction over

Anderson's claims because appellees were entitled to governmental immunity, Anderson failed to plead and prove that she had timely provided appellees with the TTCA-required notice of her claims, the TTCA-required notice was jurisdictional, and without Anderson providing appellees with the required notice, the TTCA did not waive appellees' governmental immunity. Thus, Anderson's claims against appellees had to be dismissed. In response to appellees' amended plea to the jurisdiction, Anderson filed her second amended petition, alleging: "[Appellees] received actual notice of [Anderson's] claims because the Texas Rangers investigated a complaint by [Anderson]. Additionally, [appellees] received written notice of [Anderson's] claim[s] on or about November 19, 2018."

After appellees filed their initial plea to the jurisdiction based on immunity and asserted that the TTCA did not waive governmental immunity because Anderson had not pleaded that she provided appellees with the TTCA-required notice of her claims, Anderson twice amended her petition, yet still failed to plead facts showing that she had complied with the TTCA's notice requirements. In such circumstances, the Texas Supreme Court has held that a party is not entitled to an additional opportunity to replead her case. *See Campos*, 348 S.W.3d at 815–16; *Sykes*, 136 S.W.3d at 639–40; *Miranda*, 133 S.W.3d at 231 (holding parties had opportunity to amend their pleadings and were not entitled to another opportunity to replead); *see also Harris Cty. Appraisal Dist. v. Braun*, No.

23

14-19-00382-CV, --- S.W.3d ---, 2021 WL 1803188, at \*10 n.21 (Tex. App.—Houston [14th Dist.] May 6, 2021, no pet.) (plaintiff filed her first amended petition after governmental unit filed its plea to jurisdiction; "[i]n such circumstances, the supreme court has held that a party is not entitled to an additional opportunity to replead [her] case"); *Amador v. City of Irving*, No. 05-19-00278-CV, 2020 WL 1316921, at \*10 (Tex. App.—Dallas Mar. 20, 2020, no pet.) (mem. op.) (after governmental unit's plea to jurisdiction notified plaintiff its immunity had not been waived, plaintiff, in her amended petition, filed after plea to jurisdiction, did not allege additional facts to support waiver of immunity and trial court properly dismissed plaintiff's claim with prejudice).

We hold that the trial court did not err in granting appellees' amended plea to the jurisdiction and dismissing Anderson's claims against appellees with prejudice.

We overrule this portion of Anderson's first issue.[6]

---

[6] Due to our disposition, we need not address Anderson's remaining arguments related to her first issue or her second issue. *See* TEX. R. APP. P. 47.1.

24

## Conclusion

We affirm the judgment of the trial court.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Landau and Countiss.